PAT LUNDVALL (NSBN 3761)
KRISTEN T. GALLAGHER (NSBN 9561)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

STUART NEWMAN (*pro hac vice* to be submitted)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
snewman@seyfarth.com

KAITLYN F. WHITESIDE (*pro hac vice* to be submitted)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500
kwhiteside@seyfarth.com

*Attorneys for Vectrus Systems Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VECTRUS SYSTEMS CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>TEAMSTERS LOCAL 631,<br><br>Respondent. | Case No.:<br><br>**PETITION TO VACATE ARBITRATION AWARD** |

Petitioner, VECTRUS SYSTEMS CORPORATION ("Petitioner" or "Vectrus"), by and through its undersigned attorneys, and for its petition, alleges as follows:

**NATURE OF ACTION**

1. This is an action arising under Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a) ("LMRA"), and the Federal Arbitration Act, 9 U.S.C. § 10 ("FAA") that seeks to vacate, set aside, and declare null and void the arbitration opinion and

award ("Award") issued by Arbitrator Barry Winograd on April 27, 2018 in an arbitration between Vectrus and Teamsters Local 631 ("Local 631").

2. A true and correct copy of the Award is attached hereto as **Exhibit A**.

## PARTIES

3. Vectrus is a provider of services to the United States government. It is a corporation organized and existing under the laws of the State of Delaware, doing business at many sites throughout the United States, including in Nevada. Its corporate headquarters is in Colorado. Vectrus is an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

4. Vectrus is engaged in commerce and its activities affect interstate commerce within the meaning of Section 2(6) and (7) of the LMRA, 29 U.S.C. §§ 152(6) and (7).

5. Respondent Local 631 is an unincorporated association with its principal place of business in Nevada and is a labor organization within the meaning of the NLRA, 29 U.S.C. § 152(5) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, 9 U.S.C. § 10, and 28 U.S.C. §§ 1331 and 1337.

7. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) and 9 U.S.C. § 9 because Local 631 maintains an office in Nevada and its officers are engaged in representing employees and acting for its employees and members in Nevada, including certain employees employed by Vectrus. In addition, the arbitration hearing that resulted in the Award that is the subject of this Petition occurred in Nevada.

## FACTS

8. The Union represents certain Range Support Services II ("RSSII") employees working on base operations support at Creech Air Force Base proper, located just north of Las Vegas, Nevada, and other employees on the adjacent Nevada Test and Training Range ("NTTR").

9. Since at least 2013 and up to October 25, 2017, the prime government contractor on the RSSII contract at Creech Air Force Base with respect to base operations and the NTTR was PAE.

10. On October 1, 2013, PAE and the Union entered into a collective bargaining agreement (the "CBA") with the Union, which was to expire on September 30, 2017.

11. A true and correct copy of the CBA is attached hereto as **Exhibit B**.

12. In the spring and summer of 2017, URS Federal Services, Inc. ("URS") learned that it would be replacing PAE as the prime contractor at Creech Air Force Base as of October 25, 2017.

13. URS engaged Vectrus as a subcontractor to begin performing services at Creech Air Force Base and NTTR as of October 25, 2017.

14. PAE, along with its subcontractors at the time--which did not include Vectrus--executed an agreement with the Union on August 28, 2017 to extend the CBA until September 30, 2018.

15. On September 26, 2017, URS and Vectrus executed a Bridge Agreement with the Union in which the parties agreed that the Bridge Agreement and the CBA only would become applicable to Vectrus upon its commencing performance of work on the RSSII contract on October 25, 2017. A true and correct copy of the Bridge Agreement is attached hereto as **Exhibit C**.

16. The Bridge Agreement does not contain a grievance and arbitration procedure to resolve disputes with respect to its terms.

17. Notwithstanding that neither the Bridge Agreement nor the CBA applied to Vectrus on October 13, 2017, the Union filed grievance number 75655 on that date alleging that Vectrus violated Article 28, Section 3 of the CBA "by not rehiring on the basis of seniority and the ability to perform available work."

18. Vectrus' initial employment offers for persons to perform services at Creech Air Force Base were made and accepted prior to Vectrus commencing operations on October 25, 2017, and prior to it becoming bound by the Bridge Agreement and CBA.

19. The Union and Vectrus held an arbitration hearing on February 13, 2018, at which Vectrus objected to and did not concede Arbitrator Winograd's purported authority to decide the Union's grievance regarding pre-October 25, 2017 hiring.

20. On April 27, 2018, Arbitrator Winograd issued the Award. The Arbitrator concluded that Vectrus' "actions prior to October 25 were in anticipation of its operational control as a successor employer under Article 50 of the labor agreement," and as a result, "the rights established under the PAE labor agreement were rights of a continuing nature binding on the successor by virtue of the Company's acceptance of those terms."

21. The Arbitrator ordered as relief that individuals with whom Vectrus had no prior relationship, and had not hired prior to commencing operations on October 25, 2017 or otherwise, be "reinstated in seniority order" based on the seniority the individuals had accrued with their former employer.

**FIRST CAUSE OF ACTION**
(Petition to Vacate Arbitration Award)

**A. The Arbitration Award Must be Vacated Because the Arbitrator Lacked Authority To Issue It**

22. Paragraphs 1 through 21 are incorporated by reference as if fully set forth herein.

23. The Award must be vacated because the Arbitrator lacked authority to issue it.

24. The grievance filed and the conduct complained of occurred prior to October 25, 2017, and prior to when Vectrus became a party to any obligations thereafter arising under the CBA, including any agreement to arbitrate disputes contained therein. The Arbitrator had no jurisdiction to decide the grievance.

25. Moreover, the question of whether Vectrus was bound by "the Union's previous agreement with PAE," to which it was not a signatory, is not for the Arbitrator to decide because that issue is a matter of substantive arbitrability, which is exclusively reserved for the courts.

**B. Alternatively, The Arbitration Award Must be Vacated Because the Award Does Not Draw Its Essence From the CBA**

26. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27. Even if *arguendo* the Arbitrator possessed jurisdiction to issue it, the Award finding that Vectrus violated Article 28 of the CBA must be vacated and set aside because it does not draw its essence from the CBA.

28. The Arbitrator has dispensed his own brand of industrial justice in basing the Award upon conduct occurring prior to Vectrus' assumption of the CBA, as well as upon provisions of the separate Bridge Agreement.

**C. Finally, The Arbitration Award Must be Vacated Because the Arbitrator Exceeded His Authority Under the CBA**

29. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30. Even if *arguendo* the Arbitrator possessed jurisdiction, the Award also should be vacated and set aside because in ordering that Vectrus "reinstate" certain "employees," the Arbitrator exceeded the CBA's explicit limitations upon an arbitrator's authority.

31. Article 30 of the CBA expressly provides that "The arbitrator shall have no power or authority to add to, subtract from, change or alter any terms or provisions of this Agreement." (*See* Ex. B, Art. 30).

32. In requiring Vectrus to extend offers of employment to individuals with whom Vectrus had no prior relationship, and abrogate hiring decisions occurring prior its assumption of the CBA, the Arbitrator exceeded the scope of an arbitrator's powers under the CBA. (*See* Ex. A at 19).

…

…

…

…

…

…

…

…

## **PRAYER FOR RELIEF**

WHEREFORE, based upon the foregoing, Vectrus respectfully requests that this Court enter judgment vacating, setting aside, and declaring the Award null and void. Vectrus also requests such other and further relief as may be deemed appropriate by the Court.

Dated this 23rd day of July, 2018.

McDONALD CARANO LLP

By: */s/ Pat Lundvall*
Pat Lundvall (NSBN 3761)
Kristen T. Gallagher (NSBN 9561)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

Stuart Newman (*pro hac vice* to be submitted)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
snewman@seyfarth.com

Kaitlyn F. Whiteside (*pro hac vice* to be submitted)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500
kwhiteside@seyfarth.com

*Attorneys for Vectrus Systems Corporation*

## **INDEX OF EXHIBITS**

| Document | Exhibit |
|---|---|
| Arbitration Opinion and Award | A |
| Collective Bargaining Agreement | B |
| Bridge Agreement | C |

4849-8493-8861, v. 1