PAT LUNDVALL (NSBN 3761)
KRISTEN T. GALLAGHER (NSBN 9561)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

STUART NEWMAN (*pro hac vice* to be submitted)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
snewman@seyfarth.com

KAITLYN F. WHITESIDE (*pro hac vice* to be submitted)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500
kwhiteside@seyfarth.com

*Attorneys for Vectrus Systems Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VECTRUS SYSTEMS CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>TEAMSTERS LOCAL 631,<br><br>Respondent. | Case No. 2:18-cv-01345-JCM-VCF<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTER-PETITION** |

Petitioner, VECTRUS SYSTEMS CORPORATION ("Petitioner" or "Vectrus"), and for its answer to TEAMSTERS LOCAL 631's ("Union") Counter-Petition, states as follows:

**AS TO "COUNTER-PETITION TO CONFIRM THE ARBITRATION AWARD"**

1.  Petitioner admits the allegations contained in Paragraph "1" of the Counter-Petition.

**AS TO "PARTIES"**

2. Petitioner admits the allegations contained in Paragraph "2" of the Counter-Petition.

3. Petitioner admits the allegations contained in Paragraph "3" of the Counter-Petition.

**AS TO "JURISDICTION"**

4. Petitioner admits the allegations contained in Paragraph "4" of the Counter-Petition.

5. Petitioner admits the allegations contained in Paragraph "5" of the Counter-Petition.

**AS TO "GENERAL ALLEGATIONS AND CAUSE OF ACTION TO ENFORCE AWARD"**

6. Petitioner admits the allegations contained in Paragraph "6" of the Counter-Petition.

7. Petitioner admits the allegations contained in Paragraph "7" of the Counter-Petition.

8. Petitioner admits the allegations contained in Paragraph "8" of the Counter-Petition. Answering further, Vectrus has never performed services as a subcontractor for PAE.

9. Petitioner admits the allegations contained in Paragraph "9" of the Counter-Petition.

10. Petitioner admits the allegations contained in Paragraph "10" of the Counter-Petition.

11. Petitioner denies the allegations contained in Paragraph "11" of the Counter-Petition. Answering further, on September 26, 2017, URS and its subcontractors Vectrus, Arcata Associates, Inc., and Chugach Federal Solutions, Inc., executed a "Bridge Agreement" with the Union in which the parties agreed to accept all the terms and conditions of the CBA with PAE with respect to their performance of work on the RSSII contract at Creech Air Force Base and the

Nevada Test and Training Range only upon their commencing performance of work on the RSSII contract on October 25, 2017.

12. Petitioner admits the allegations contained in Paragraph "12" of the Counter-Petition. Answering further, Vectrus' initial employment offers for persons to perform services at Creech Air Force Base were made and accepted by such persons prior to Vectrus commencing operations on October 25, 2017, and prior to it becoming bound by the Bridge Agreement and CBA.

13. Petitioner denies the allegations contained in Paragraph "13" of the Counter-Petition. Answering further, the Union filed a grievance on October 13, 2017 alleging that Vectrus had violated the CBA by not "re-hiring" certain employees on the basis of seniority and the ability to perform available work (notwithstanding the non-disputed fact that they were never Vectrus employees).

14. Petitioner admits the allegations contained in Paragraph "14" of the Counter-Petition.

15. Petitioner admits the allegations contained in Paragraph "15" that the arbitration hearing was reported by Cameo Kayser, a certified court reporter, and refers the Court to the contents of the referenced document as the best evidence of its contents.

16. Petitioner admits the allegations contained in Paragraph "16" of the Counter-Petition. Answering further, Vectrus made a timely and appropriate objection to arbitrability of the dispute, and preserved its right to seek to vacate any award.

17. Petitioner admits the allegations contained in Paragraph "17" of the Counter-Petition. Answering further, Vectrus made a timely and appropriate objection to arbitrability of the dispute, and preserved its right to seek to vacate any award.

18. Petitioner denies the allegations contained in Paragraph "18" of the Counter-Petition.

19. Petitioner admits the allegations contained in Paragraph "19" of the Counter-Petition. Answering further, Vectrus made a timely and appropriate objection to arbitrability of the dispute, and preserved its right to seek to vacate any award.

20. Petitioner admits the allegations contained in Paragraph "20" of the Counter-Petition. Answering further, Vectrus made a timely and appropriate objection to arbitrability of the dispute, and preserved its right to seek to vacate any award.

21. Petitioner admits the allegations contained in Paragraph "21" of the Counter-Petition. Answering further, Vectrus made a timely and appropriate objection to arbitrability of the dispute, and preserved its right to seek to vacate any award.

22. Petitioner admits the allegations contained in Paragraph "22" of the Counter-Petition.

23. Petitioner denies the allegations contained in Paragraph "23" of the Counter-Petition. Answering further, Vectrus made a timely and appropriate objection to arbitrability of the dispute, and preserved its right to seek to vacate any award.

24. Petitioner admits the allegations contained in Paragraph "24" of the Counter-Petition.

25. Petitioner admits the allegations contained in Paragraph "25" of the Counter-Petition.

26. Petitioner admits the allegations in Paragraph "26" of the Counter-Petition that in the Opinion and Award, the Arbitrator discussed the facts of the controversy between the Union and Vectrus and cited and discussed the Bridge Agreement. Answering further, while the Arbitrator purported to cite and discuss various provisions of the CBA, Petitioner denies that the grievance was arbitrable and denies that the Opinion and Award was within the scope of the Arbitrator's jurisdiction and authority.

27. Petitioner admits the allegations contained in Paragraph "27" of the Counter-Petition.

28. Petitioner admits the allegation in Paragraph "28" that the Arbitrator considered and interpreted the Bridge Agreement. Answering further, Petitioner denies that the Arbitrator considered and interpreted the CBA with respect to an arbitrable dispute.

29. The allegations in Paragraph "29" of the Counter-Petition contain legal conclusions to which no response is required, but to the extent that a response is deemed required, Petitioner denies the allegations in Paragraph "29" of the Counter-Petition.

30. The allegations in Paragraph "30" of the Counter-Petition contain legal conclusions to which no response is required, but to the extent that a response is deemed required, Petitioner denies the allegations in Paragraph "30" of the Counter-Petition and further denies that the grievance was arbitrable and that the Opinion and Award was within the scope of the Arbitrator's jurisdiction and authority.

31. The allegations in Paragraph "31" of the Counter-Petition contain legal conclusions to which no response is required, but to the extent that a response is deemed required, Petitioner denies the allegations in Paragraph "31" of the Counter-Petition and further denies that the grievance was arbitrable and that the Opinion and Award was within the scope of the Arbitrator's jurisdiction and authority.

32. Petitioner denies the allegations contained in Paragraph "32" of the Counter-Petition. Answering further, subsequent to the Opinion and Award, Petitioner voluntarily and without admitting liability has offered employment to certain individuals and has filed suit to vacate the Opinion and Award.

33. Petitioner denies the allegations contained in Paragraph "33" of the Counter-Petition.

**AS TO "PRAYER FOR RELIEF"**

Petitioner denies all allegations set forth in Respondent's Prayer for Relief.

**GENERAL DENIAL**

Petitioner denies each and every allegation in the Counter-Petition not specifically admitted herein.

**AFFIRMATIVE AND OTHER DEFENSES**

Petitioner asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have. Petitioner reserves the right to

plead any additional affirmative and other defenses as they become known during the pendency of this action.

### FIRST AFFIRMATIVE DEFENSE

The Opinion and Award was not rendered as to an arbitrable dispute.

### SECOND AFFIRMATIVE DEFENSE

The Opinion and Award is not binding or enforceable because the Arbitrator lacked jurisdiction and authority to issue the Opinion and Award.

Petitioner reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

### PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, Vectrus respectfully requests that this Court enter judgment vacating, setting aside, and declaring the Award null and void. Vectrus also requests such other and further relief as may be deemed appropriate by the Court.

Dated this 4th day of September, 2018.

McDONALD CARANO LLP

By: */s/* Pat Lundvall
Pat Lundvall (NSBN 3761)
Kristen T. Gallagher (NSBN 9561)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
lundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

Stuart Newman (*pro hac vice* to be submitted)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
snewman@seyfarth.com

Kaitlyn F. Whiteside (*pro hac vice* to be submitted)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500
kwhiteside@seyfarth.com

*Attorneys for Vectrus Systems Corporation*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of McDonald Carano, and that on the 4th day of September, 2018, a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO COUNTER-PETITION** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ Beau Nelson*
An employee of McDonald Carano LLP